[Civ. No. 16865.   First Dist., Div. Two.   July 23, 1956.]

E.  A.  TALIAFERRO, Appellant, v. JUSTICE  COURT OF  THE  MARTINEZ  JUDICIAL  DISTRICT, Respondent.

E. A. Taliaferro, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Victor Griffith, Deputy Attorney General, for Respondent.

DEVINE, J. pro. tem.*—This is an appeal from an order of the superior court denying a petition for writ of mandate to compel a justice court and the judge thereof to settle a statement on appeal from a misdemeanor conviction. Respondent justice court states that it is quite willing to settle the statement, and that the only reason it has not done so is that at the time of the filing of the petition for the writ of mandate, petitioner had demanded a transcript of the reporter's record of the trial and that said transcript had not been received. Rules 3 and 7 of the Rules on Appeal from Municipal Courts and Inferior Courts in Criminal Cases (reported in 26 Cal.2d 25 et seq. as amended in 29 Cal.2d 1 et seq.) provide for a settled statement, or a transcript, or both, to constitute the record on appeal, and petitioner had demanded both. Thus the justice court contends it was simply deferring settlement of the statement in order to carry out petitioner's own request for the transcript.

Petitioner contends that his demand for a transcript was a limited one, in that it was expressed to be a demand only for those portions of the evidence which he might find necessary in order to correct any possible errors in the settled statement. However, there is in the record, in addition to the limited demand of which petitioner speaks, an unqualified demand for a reporter's transcript. (Appendix A, respondent's brief.) Petitioner states that he abandoned this unlimited demand, but we find no place in the record where such abandonment was made known to the court. ■ The petition for the writ of mandate speaks as of the date of its filing (21 Cal.Jur. 15) and since it does not appear that the demand for the transcript was withdrawn at that time, even if we were to consider petitioner's brief before us as constituting a withdrawal of his original demand, the petition for writ of mandate must be denied.

*Assigned by Chairman of Judicial Council.

Although what has been said above is sufficient for the decision of this appeal, we think that it is proper to say something for the guidance of the justice court in event the unqualified demand for transcript should be withdrawn (or proof of withdrawal made, if, in fact, the withdrawal actually has been made but proof thereof has not heretofore been placed in the record), or for use when the time for filing the transcript under that demand has expired. Petitioner insists that he is entitled to something less than a full transcript. He contends that he is entitled to have a transcript of parts of the evidence, and that he is entitled to have this partial transcript included as part of the record on appeal if he is not satisfied with the settled statement. That is, he wishes the statement to be settled first, and then, if he deems it erroneous in any respect, to have so much of the transcript as he desires included in the record. The rules on appeal do not provide for any such procedure, but refer to a settled statement, a transcript, or both. Therefore, the justice court, upon the failure of the petitioner to file the full transcript within the time, as extended, should ignore the limited demand of petitioner and should proceed to settle the statement.

Petitioner is not without remedy if the settled statement fails to give a fair record on appeal. Rule 9 of the Criminal Appeals Rules (26 Cal.2d 29) provides for additions to the record to be made on good cause on the order of the superior court and the appellate department of that court will be eager to have before it a full and fair record of the proceedings.

The order denying the petition for writ of mandate is affirmed.

Nourse, P. J., and Kaufman, J., concurred.

A petition for a rehearing was denied August 22, 1956, and appellant's petition for a hearing by the Supreme Court was denied September 13, 1956. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.